**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | | |
|---|---|---|
| **Kirvard Eastern Division Incorporated,** | : | |
| | : | **Case No. 2:15-cv-633** |
| Plaintiff, | : | |
| | : | Judge Gregory L. Frost |
| vs. | : | |
| | : | Magistrate Judge Kemp |
| **Antero Resources Corporation,** | : | |
| | : | |
| Defendant. | : | |

## <u>AGREED CONFIDENTIALITY AND PROTECTIVE ORDER</u>

Plaintiff Kirvard Eastern Division Incorporated ("Kirvard") and Defendant Antero Resources Corporation ("Antero"), collectively the "Parties," by and through counsel, have stipulated and agreed to the entry of a confidentiality and protective order (the "Order") governing the disclosure and handling of confidential information.  Documents and information produced by the Parties, a third party, or a non-party in this litigation may be confidential or proprietary in nature.  The Court, having reviewed the agreement and stipulations of the Parties, finds that good cause supports the entry of such an Order and that justice so requires.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, S.D. Ohio Civil Rule 79.3, and Rule 502(d) of the Federal Rules of Evidence, it is hereby ordered that all information, testimony, documents, ESI, and other things, disclosed or produced under the provisions of this Order, or otherwise disclosed by the Parties or a non-party in discovery shall be subject to the terms and provisions set forth below.

1.      Except as provided in Paragraph 2 of this Order, all documents and information produced by the Parties in this litigation that are labeled in good faith by counsel as "Confidential" within the meaning of Federal Rule of Civil Procedure 26(c), shall be maintained confidentially and used solely for the purposes of this action.

2.      The following documents or information of the Parties shall not be held as confidential information by the Parties subject to this Order:

(a)  documents or information which at the time of disclosure are part of the public domain or record;

(b)  documents or information which after its disclosure becomes part of the public domain or record through no act, omission, or fault of the Parties hereto; and

(c)  documents or information which are rightfully in the possession of a Receiving Party, its counsel of record, or experts, under no obligation of confidence.

3.      The term "document(s)" means all originals of any nature whatsoever, identical copies and all non-identical copies thereof pertaining to any medium upon which intelligence or information is recorded including, without limiting the generality of the foregoing, punch cards, print out sheets, video or movie film, slides, phonographs, records, photographs, microfilm, notes, letters, memoranda, ledgers, work sheets, books, magazines, notebooks, diaries, calendars, appointment books, registers, charts, tables, papers, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind, correspondence, e-mails, text messages, online posts, electronically stored information ("ESI"), facsimiles, telegrams, drafts, data processing discs or tapes, and computer produced interpretations thereof, x rays, instructions, announcements, schedules, price lists, and mechanical or electrical sound recordings and transcripts thereof in the possession,

custody or control of a party, or that party's agents, servants or employees. The term "document(s)" shall be understood to encompass the contents of confidential materials, summaries or abstracts thereof, notes taken thereon or like recapitulations thereof.

4.     "Information" shall be understood to include, but not be limited to, testimony, particularly transcripts, memoranda or other documentation of testimony, information obtained from employees of a party regarding that party's business and also the substance of such testimony or information, summaries or abstracts thereof, notes taken thereon, or like recapitulations thereof.

5.     If the Producing Party believes in good faith that documents and/or information to be disclosed or produced to the Receiving Party is confidential, the Producing Party shall mark the document, article, or thing containing such information as "CONFIDENTIAL".

6.     Access to and disclosure of documents and/or information designated as "CONFIDENTIAL" shall be limited to:

(a) the Parties, including officers, directors, representatives, agents, employees, or former employees of a party whose involvement is reasonably necessary to conducting the Litigation on behalf of such party;

(b) counsel and/or in-house counsel for the Parties and their respective staffs who are engaged in connection with the Litigation on behalf of a party;

(c) outside experts or outside consultants of the Parties whose advice and consultation are being or will be used in connection with preparation for the litigation or the litigation of this case;

(d) a witness, deponent, or potential witness or deponent, and his/her counsel, during the course of or in preparation for this litigation;

(e) the Court, court reporters, or other Court personnel involved in the adjudicative process; and

(f) copy or computer services for the purpose of copying or processing documents or information, provided that all documents and information are retrieved upon completion of the service(s).

7.      Individuals other than those set forth in Paragraph 6(b), (e), and (f) to whom such confidential documents or information are shown, furnished, or otherwise disclosed, shall be first shown a copy of this Order and then sign an acknowledgment in the form of Exhibit A hereto. Counsel shall retain the signed acknowledgment form, and, upon reasonable demand, shall permit opposing counsel to inspect and copy same, provided such disclosure is not inconsistent with provisions of the Federal Rules of Civil Procedure and does not disclose the identity of any consulting expert.

8.      It is specifically understood and agreed to between the Parties that any confidential materials so designated pursuant to this Order are to be used only for the specific purposes of this action and not for the business purposes or intentions of the Parties.

9.      All confidential documents or information received by counsel shall be retained by such counsel and shall not be delivered or disclosed, specifically or in substance, to anyone other than the individuals set forth in this Order.

10.      In the event that a Receiving Party disagrees with any confidential designation by a Producing Party, the parties will try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief. Upon such application, the Producing Party shall bear the burden of establishing that the designation is proper. No party shall be obligated to challenge the propriety of a particular designation, and a failure to do so

shall not constitute an admission that any item or information is, in fact, confidential or preclude a subsequent challenge to the propriety of such designation.

11.     Confidential documents and information previously produced by a party shall be reproduced by the Receiving Party only when necessary for a specific purpose related to this action.

12.     When documents or information are used or disclosed at depositions, hearings or other public or quasi-public proceedings (other than the trial of this case), the documents or information, or testimony regarding such documents or information, shall be identified as confidential in accordance with the provisions in Paragraph 5 either at the time of the deposition or within thirty (30) days from the date when the transcript of the proceedings is made available. To the extent that any of those present are not designated as persons falling within Paragraph 6 herein, such persons shall not be shown Confidential documents.  To the extent the persons present fall within Paragraph 7 herein, such persons shall sign or have signed an acknowledgment in the form of Exhibit A hereto.  Confidential documents or information used at depositions, hearings or other public or quasi-public proceedings (other than the trial of this case) shall not be attached to transcripts or other documents memorializing such proceedings unless those confidential documents or information are collectively maintained in an envelope or other protective covering which bears on its front and back the following label:  CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER.  TO BE OPENED ONLY BY COUNSEL, AS DIRECTED BY THE COURT, OR BY WRITTEN AGREEMENT OF THE PARTIES.

13.     The terms of this Order shall govern the disclosure and handling of confidential documents or information as between the Parties, and any other individual or entity that may

later become a party to this Order.  Should any party determine that it is necessary to file

confidential documents or information with the Court ("Confidential Material"), that party will

submit a motion to the Court consistent with the provisions of S.D. Ohio Civil Rule 79.3

describing the need for restricting public access to the Confidential Material and proposing the

least restrictive means available for restricting public access to the Confidential Material.  The

party submitting such a motion for protective order will simultaneously submit with it the

Confidential Material in a sealed envelope consistent with the provisions of S.D. Ohio Civil Rule

79.3.  All Confidential Material will be deemed filed as of the date of submission of the motion

for protective order.

14.     Acceptance by a Receiving Party of information, documents, or things identified

or marked as Confidential Material hereunder by a Producing Party shall not constitute a

concession that such information, documents or things in fact are or include protected material of

the Producing Party.

15.     Within twenty-one (21) days of the settlement, final adjudication, or other final

resolution of this case (*i.e.*, Case No. 2:15-cv-633), including all appeals thereto, any and all

confidential documents or information, and any copies or reproductions thereof in the possession

of individuals other than the Court, shall be returned to counsel who produced them or, at the

Producing Party's election, destroyed, with certification made to the Producing Party of all such

destruction.  However, notwithstanding the foregoing, counsel of record may retain all pleadings,

discovery responses, deposition transcripts, legal memoranda, correspondence and attorney work

product.

16.     If a party, through inadvertence, produces any confidential information without

labeling or marking or otherwise designating it as such in accordance with the provisions of this

Order, the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed confidential and should be treated as such in accordance with the provisions of this Order. The Receiving Party must treat such document or information as confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, of such confidential information to persons not authorized to receive confidential information shall not be deemed a violation of this Order.

17.     The disclosure or production of attorney-client privileged and/or work-product protected documents or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If a party, through inadvertence or otherwise, produces a document or information that it believes is immune from discovery pursuant to the attorney-client privilege and/or the work-product doctrine, the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party. The return of the document or information to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned document or information. Nothing in this Order relieves any party or counsel of any obligation under applicable ethical rules to provide notification of a potential inadvertent production.

18.     In the event the production of documents, information or materials covered by this Order is sought by a non-party through subpoena power in other litigation, counsel and/or

the party receiving the subpoena shall first notify the party whose confidential information is sought and provide said party an opportunity to take appropriate measures to protect disclosure in that litigation. No disclosure of information or materials covered by this Order shall be made to a non-party through subpoena power in other litigation absent agreement of the party whose confidential information is sought or court order.

19.     Neither party waives, and each party expressly retains, the right to claim in this or any other legal, administrative or investigative proceeding, the application of any privilege to the confidential documents or information discovered hereunder.

20.     Nothing in this Order shall be deemed a waiver of any party's right to object to the production of any documents, information or other tangible things for, among other things, lack of timeliness, relevance or materiality, privilege, work product, trial preparation materials, or as not reasonably calculated to lead to the discovery of admissible evidence.

21.     The Parties, after having complied with the Local Rules, shall submit to the Court for resolution any disputes regarding this Order and any proposed modification or enforcement of it, and no party hereby waives its rights to a hearing or any rights afforded to it under the Federal Rules of Civil Procedure.

22.     In the event any party seeks discovery of information from a third-party that is alleged by such third-party to be confidential, such third-party may designate such information as confidential and the Parties agree that such third-party information will be received and maintained by them under the provisions of this Order.

23.     A procedure for use of confidential information at trial shall be discussed at the final pre-trial conference of this case and will be subject to the ruling of the Court.

24. This Court shall retain jurisdiction to make such amendments, modifications and additions to this Order as this Court may deem appropriate from time to time, and any party may apply to the Court at any time for an amendment, modification, or addition to this Order.

25. This Order shall survive the termination of this litigation.

IT IS SO ORDERED.


Date: <u>June 16, 2015</u>                                      /s/ Terence P. Kemp
                                                                        UNITED STATES MAGISTRATE JUDGE




Stipulated and Agreed:

/s/      *Loriann E. Fuhrer*                          /s/      *Vincent I. Holzhall*
- per e-mail authority of 6/12/15

_____          _____
Loriann E. Fuhrer (0068037)                    J. Kevin West (0091520)
Eric Travers (0079014)                            Vincent I. Holzhall (0074901)
Kegler Brown Hill + Ritter Co. LPA          Steptoe & Johnson PLLC
65 E. State Street, Suite 1800                  41 S. High Street, Suite 2200
Columbus, Ohio 43215                           Columbus, Ohio 43215
(614) 462-5400 (phone)                         (614) 221-5100 (phone)
(614) 464-2634 (fax)                             (614) 221-0952 (fax)
lfuhrer@keglerbrown.com                      kevin.west@steptoe-johnson.com
etravers@keglerbrown.com                    vince.holzhall@steptoe-johnson.com
*Attorneys for Plaintiff &*                       *Attorneys for Defendant & Counterclaimant*
*Counterclaim Defendant*                       *Antero Resources Corporation*
*Kirvard Eastern Division Incorporated*

## **Exhibit A**

Confidentiality Declaration

I hereby declare that I am to receive documents or information designated as "CONFIDENTIAL" pursuant to the terms of the Agreed Confidentiality and Protective Order entered in the case styled *Kirvard Eastern Division Incorporated v. Antero Resources Corporation*, Case No. 2:15-cv-633 (S.D. Ohio – Judge Frost).  I further declare that I have read a copy of the Agreed Confidentiality and Protective Order and agree to be bound by all of its terms.  If I am signing on behalf of a Party or entity that is not an individual, I declare that I have authority to bind such Party or entity to the terms of the Agreed Confidentiality and Protective Order and that such Party's or entity's employees also shall be bound by all of its terms.  I specifically acknowledge the obligation to protect, and to return or destroy all "Confidential" documents or information in accordance with the Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of any proceeding to enforce the terms of this Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Date Signed                                                           Declarant's Signature

                                                                            _____
                                                                            Printed Name

                                                                            _____
                                                                            Address

                                                                            _____
                                                                            City, State, Zip Code